IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHEKEASHA DENISE SAEED | ) | CASE NO. 10-10303 |
| | ) | |
| Debtor. | ) | Chapter 13 |

## MEMORANDUM OPINION

This matter came before the court on September 9, 2010, on the Objection to Proof of Claim of Habitat for Humanity (the "Objection"), filed by the above-referenced debtor (the "Debtor") on July 6, 2010, and the Response to Objection to Claim (the "Response"), filed by Habitat for Humanity of Greater Greensboro, Inc. ("Habitat").  Mary K. Nicholson appeared on behalf of the Debtor, and Elizabeth M. Brantley appeared on behalf of Habitat.

## JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), which this Court has the jurisdiction to hear and determine.

## FACTS

Habitat is the holder of two notes secured by the Debtor's residence.  On September 24, 2009, Habitat notified the Debtor and her husband by mail that they were in default and that the full balances on both notes were due.  Habitat began foreclosure proceedings, and the Debtor's property

was scheduled for sale on March 2, 2010. The foreclosure was stayed by the filing of the Debtor's Chapter 13 petition on February 22, 2010.

On May 28, 2010, Habitat filed an Amended Proof of Claim (Claim Number 5-2) (the "Claim") in the amount of $81,236.07. The Claim listed $8,101.50 for attorneys fees. It indicated that the Debtor's total arrears include "the reasonable pre-petition attorneys' fees to which Habitat for Humanity is entitled." It also indicated that "all [legal] work other than $118.00 related to [the] foreclosure process." However, the Claim contained no description of nor dates for the services that were rendered.

The Debtor objects to the portion of the Claim for attorneys' fees on the grounds that: (1) Habitat provided insufficient notice of the fees to the Debtor under N.C. Gen. Stat. § 45-91; (2) the Claim does not indicate which fees are pre-petition, and which fees are post-petition; and (3) the fees are unreasonable. In its Response, Habitat reiterates that the Claim indicates that the attorneys' fees were incurred pre-petition and that all but $118 of the work billed was related to the foreclosure. Habitat attached a breakdown of the fees to its Response and maintains that the fees are reasonable. At the hearing, Habitat argued that its proof of claim served as sufficient notice to the Debtor of the attorneys' fees that it intended to charge.

## DISCUSSION

N.C. Gen. Stat. § 45-91 provides, in relevant part, that

> A servicer must comply as to every home loan, regardless of whether the loan is considered in default or the borrower is in bankruptcy or the borrower has been in bankruptcy, with the following requirements:
> (1) Any fee that is incurred by a servicer shall be <u>both</u>:
> a. Assessed within 45 days of the date on which the fee was incurred. Provided, however, that attorney or trustee fees and costs incurred as a result of a foreclosure action shall be assessed within 45 days of the date they are charged by either the attorney or trustee to the servicer.

2

> b. Explained clearly and conspicuously in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee, provided the servicer shall not be required to take any action in violation of the provisions of the federal bankruptcy code. The servicer shall not be required to send such a statement for a fee that: (I) results from a service that is affirmatively requested by the borrower, (ii) is paid for by the borrower at the time the service is provided, and (iii) is not charged to the borrower's loan account.

N.C. Gen. Stat. § 45-91(1) (emphasis added).

N.C. Gen. Stat. § 45-90(2) defines "servicer" by incorporating the definition set forth in 12 U.S.C. § 2605(i)–that is, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i). Further, N.C. Gen. Stat. § 45-90(1) defines "home loan" as a "loan secured by real property located in this State used, or intended to be used, by an individual borrower or individual borrowers in this State as a dwelling, regardless of whether the loan is used to purchase the property or refinance the prior purchase of the property or whether the proceeds of the loan are used for personal, family, or business purposes." N.C. Gen. Stat. § 45-90(1). It is undisputed that Habitat made, holds, and services the Debtor's loan, and it is similarly undisputed that the loan is secured by the Debtor's residence. Accordingly, Habitat is the "servicer" of a "home loan" for the purposes of N.C. Gen. Stat. § 45-91 and is therefore subject to the notice requirements of N.C. Gen. Stat. § 45-91(1).

Habitat argues that its proof of claim served as notice to the Debtor of the attorneys' fees incurred; however, as set forth above, the plain language of N.C. Gen. Stat. § 45-91(1) requires that such notice must be "[e]xplained clearly and conspicuously in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee," and that this must be done "regardless of whether the loan is considered in default or the borrower is in bankruptcy or the borrower has been in bankruptcy." N.C. Gen. Stat. § 45-91. Habitat argues that since it was not

billed for these fees by its attorneys until June 3, 2010, the filing of the proof of claim on May 28, 2010 meets the requirement that the notice was given within 30 days after assessing the fee–in fact, it was given before the fees were technically assessed as per the statute. However, Habitat's argument ignores the fact that the statute requires that the notice of such fees not only be sent to the Debtor's last known address, but also explain the fees clearly and conspicuously. Habitat's proof of claim fulfills neither of these requirements.

While Habitat mailed a letter to the Debtor's home notifying her that her loans were in default, the letter made no mention of attorneys' fees of any kind. The first mention of attorneys' fees was made in Habitat's proof of claim, which was filed with the court and not mailed to the Debtor directly. Habitat's filing of the proof of claim did not excuse it from also sending the required notice to the Debtor's last known address. Furthermore, the explanatory notes contained in the proof of claim neither clearly nor conspicuously explain the fees assessed. As such, Habitat has not fulfilled the notice requirements of N.C. Gen. Stat. § 45-91(1).

N.C. Gen. Stat. § 45-91 further provides that "[f]ailure to charge the fee or provide the information within the allowable time and in the manner required under subdivision (1) of subsection (a) of this section constitutes a waiver of such fee." N.C. Gen. Stat. § 45-91(3). Accordingly, since Habitat failed to provide the Debtor with information regarding the attorneys' fees in the manner required by N.C. Gen. Stat. § 45-91(1), it has effectively waived its right to assess those fees against the Debtor. See In re Obie, No. 09-80794C-13D, slip op. at *3 (Bankr. M.D.N.C. Nov. 24, 2009) (2009 WL 4113587) (holding that a home loan servicer's failure to send the Debtor a statement meeting the requirements of N.C. Gen. Stat. § 45-91(1) constituted a waiver of its claim for attorneys' fees under N.C. Gen. Stat. § 45-91(3)).

**CONCLUSION**

Because it failed to mail a statement to the Debtor that clearly and conspicuously explained the attorneys' fees it seeks in its Claim, Habitat did not provide sufficient notice to the Debtor of its assessment of attorneys' fees pursuant to N.C. Gen. Stat. § 45-91(1). This failure constitutes a waiver of such fees under N.C. Gen. Stat. § 45-91(3), so the Court need not reach the other two issues raised by the Debtor. Accordingly, the Objection is sustained, and Habitat is not entitled to recover the $8,101.50 in attorneys' fees listed in its Claim.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SHEKEASHA DENISE SAEED | ) CASE NO. 10-10303 |
| | ) |
| Debtor. | ) Chapter 13 |

**PARTIES IN INTEREST**

Shekeasha Denise Saeed
500 Franklin Blvd
Greensboro, NC 27401

Mary K. Nicholson, Esq.
1908 Madison Avenue
Greensboro, NC 27405
(336) 273-8469

Elizabeth M. Brantley, Esq.
Nexen Pruet, PLLC
701 Green Valley Road, Suite 100
PO Box 3463
Greensboro, NC 27402
(336) 373-1600

Anita Jo Troxler, Esq.
Chapter 13 Office
PO Box 1720
Greensboro, NC 27402

Michael D. West, Esq.
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402
Fax: (336) 333-5528